DONALD CAIN, ANTHONY FABRO, DONALD LESPERANCE, ROBERT ROY RICHARDSON, APPELLANTS, v. NEW JERSEY STATE PAROLE BOARD, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 6, 1977—Decided January 9, 1978.

246

Before Judges LORA, SEIDMAN and MILMED.

*Ms. M. Diana Johnston,* Assistant Deputy Public Defender, argued the cause for appellants (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. David R. Arrajj,* Assistant Deputy Public Defender, of counsel; *Ms. Johnston* on the brief).

*Mr. Eugene M. Schwartz,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Ms. Erminie L. Conley,* Deputy Attorney General, of counsel, *Mr. Schwartz* on the brief).

PER CURIAM. These consolidated appeals present another challenge on equal protection grounds to the state parole system as it affects inmates of county correctional institutions. Here, the single issue before us is whether an inmate of a county penitentiary or workhouse who has been sentenced[1] to two or more consecutive terms, each less than one year but in the aggregate greater than one year, has the right to be considered for parole by the State Parole Board after having served at least one year of the aggregate term.

Appellants were sentenced to the Mercer County Correction Center for consecutive terms after conviction of indictable offenses. Each term was for nine months. The aggregates of the terms imposed were: Donald Cain, 36

---

[1] Following conviction of an indictable offense.

months; Anthony Fabro, 36 months; Donald Lesperance, 27 months; and Robert Roy Richardson, 18 months.[2] The State Parole Board declined to consider them for parole, relying specifically on *N. J. S. A.* 30:4–123.35[3] and *Davis v. Heil,* 132 *N. J. Super.* 283 (App. Div. 1975), aff'd 68 *N. J.* 423 (1975).

In *Davis* this court stated:

The extent to which *N. J. S. A.* 30:4–123.35 should apply to the aggregation procedures of *N. J. S. A.* 30:4–123.10 to county inmates is best determined by reference to the clear intent of the Legislature in providing parole for county inmates. Two limitations are apparent in the language quoted above. The Legislature intended that no county prisoner should be eligible for parole until he has been incarcerated for at least one year. Additionally, *the greater than one-year sentence requirement limits parole eligibility only to those inmates whose sentences might have been served in State Prison.* We agree with the view taken by the Attorney General in the advisory opinion cited above that the Legislature did not intend to make parole available to county inmates serving disorderly person sentences of six months, even where several such consecutive sentences have been imposed.

Consistent with the above analysis of *N. J. S. A.* 30:4–123.10 and 30:4–123.35, we conclude that inmates of county institutions sentenced to consecutive sentences *where each sentence has a term of at least one year* shall be eligible to apply for parole upon completion of the aggregated minimum sentence or one-third of the aggregated maximum term. In no case shall parole eligibility arise until the inmate has served at least one full year.

Computation of the aggregated sentence shall be according to *N. J. S. A.* 30:4–123.10, with the fixed term of the county sentence to be considered as both a minimum and maximum term. In the

---

[2]It appears that appellant Richardson, "having completed his term," was released from the Mercer County Correction Center before the filing of appellants' brief. His appeal (Docket No. 2886–76) has become moot and should, accordingly, be dismissed.

[3]Which provides, in relevant part: "* * * [A]ny prisoner in a county penitentiary serving a term having a maximum greater than a year and who has served at least 1 year of such term shall be permitted to make application to the board for parole * * * ." This section "is concerned with the parole eligibility of county inmates serving a single sentence." *Davis v. Heil, supra,* 132 *N. J. Super.* at 294.

present case the prisoner was sentenced to consecutive terms of 12 and 18 months. His aggregated term, both minimum and maximum, is 30 months. We recognize that a State Prison inmate with an aggregated maximum sentence of 30 months would be eligible for parole at a marginally earlier time than a similarly sentenced county inmate — ten months as opposed to one year. This result is dictated by the clear requirement of *N. J. S. A.* 30:4–123.35 that county inmates serve at least one year before applying for parole. [132 *N. J. Super.* at 294–295; emphasis supplied][4]

Pointing out that "inmates in county institutions become eligible for parole consideration at a later date than inmates in state prison," appellants contend "that there is no rational basis for the difference in treatment accorded the two classes of inmates." They submit that

* * * [a] classification must be reasonable, not arbitrary, and must rest upon some *ground of difference* having a fair and substantial relation to the object of the legislation, *so that all persons similarly circumstanced shall be treated alike.*
[*Royster Guano Co. v. Virginia,* 253 *U. S.* 412, 415, 40 *S. Ct.* 560, 561, 64 *L. Ed.* 989, 990–991 (1920); emphasis supplied by appellants]

A rational basis for the distinction complained of in these appeals does exist. Here the two classes of inmates are not similarly circumstanced. As this court pointed out in *Bonilla v. Heil,* 126 *N. J. Super.* 538 (App. Div. 1974):

We also believe that there are valid reasons for determining that a county penitentiary inmate shall have parole eligibility that arises later than such eligibility for a State Prison inmate sentenced to a comparable or slightly greater term. There are advantages to being sentenced to the county penitentiary rather than the State Prison. It is a fair assumption that most county inmates formerly resided and worked in a geographical area proximate to the place of their confinement. A county prisoner may qualify for a work release program that will enable him to retain previous local employment while serving his sentence. Most important is that a sentence to a county institution does not constitute a prior offense under *N. J. S. A.* 30:4–123.12. Thus, one previously sentenced to a county

---

[4]The Supreme Court affirmed substantially for the reasons expressed by the Appellate Division. 68 *N. J.* 423 (1975).

institution under circumstances where a State Prison sentence could have been given, upon a subsequent sentence to the latter institution, may still qualify for parole release as a first offender. A county institutional sentence does not bear the stigma of incarceration in State Prison and does not subject one to the necessity of serving with hardened criminals under long-term confinement. We point out, too, that if a split sentence pursuant to *N. J. S. A.* 2A:164-16 is imposed upon sentence to a county institution, parole is obviously inapplicable. We cannot say that to apply different parole eligibility criteria to county and state prisoners is an arbitrary or unreasonable judgment. [at 551]

The court in *Bonilla* concluded that

\* \* \* the statutory parole scheme which creates eligibility for parole consideration only for those sentenced to more than one year and denies parole to those sentenced to a year or less does not unconstitutionally discriminate against inmates under sentence of a year or less. It is also held that the different time requirements for parole eligibility between county and State prisoners is justified. [at 551-552]

See also, *McGinnis v. Royster,* 410 *U. S.* 263, 93 *S. Ct.* 1055, 35 *L. Ed.* 2d 282, 292 (1973); *McDonald v. Bd. of Election Commissioners of Chicago,* 394 *U. S.* 802, 89 *S. Ct.* 1404, 22 *L. Ed.* 2d 739, 745 (1969).

The appeal of Robert Roy Richardson (Docket No. A-2886-76) is dismissed. The final administrative decisions under review in the remaining appeals are affirmed.